NOV 17 2022 PM2:04
FILED-USDC-CT-New_Haven

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

### ( Richard C. Lee U. S. Courthouse, United States District Court, 141 Church Street, New Haven, CT 06510 )

|  |  |
|---|---|
| ) | |
| ) | |
| Ronald Satish Emrit, ) | |
| Plaintiff (Pro Se) ) | |
| ) | **C. A. No.:** |
| v. ) | |
| ) | |
| Special Agent in Charge of FBI ) | |
| Field Office in Southern ) | |
| District of New York (SDNY), ) | |
| Defendant ) | |
| ) | |
| ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) whereby an amended complaint may have to be filed at a later date under a Bivens action lawsuit citing the stare decisis/common law of ***Bivens v. Six Unknown Narcotics Agents***. In bringing forth this complaint, the plaintiff states, avers, and alleges the following:

### I.) NATURE OF THE CASE

1.) The plaintiff argues that he has to bring this cause of action in New England and other jurisdictions in New York state because of the fact that Chief

1

## XIV.) PRAYER FOR RELIEF

Judge Loretta Preska of SDNY entered a vexatious litigant order against the plaintiff.

2.) As such, the plaintiff has intended to bring this cause of action against the Special Agent in Charge of Counterintelligence Division of Southern New York (SDNY) and have the case transferred into the Southern District of New York (SDNY) by other jurisdictions in New England or New York.

3.) Nevertheless, the plaintiff argues that if the case can not be transferred into the Southern District of New York (SDNY) from other jurisdictions in New England and/or New York state, then the plaintiff argues that he can file a timely notice of appeal or interlocutory appeal to have the case presented before the Second CIrcuit of New York which has jurisdiction over the Counterintelligence Division of SOuthern New York (SDNY) at ROckefeller PLaza.

4.) Furthermore, the plaintiff argues that it would be clearly erroneous and/or an abuse of discretion for the lower courts in New England and/or New York state to fail to transfer this case to Southern New York given the egregious nature of the human rights violations being alleged by someone who has legitimate immigration issues to contact the Cuban Embassy at 2630 16th Street in NW Washington, D.C. (Adams Morgan).

5.) As such, the plaintiff would be looking for the Second Circuit Court of Appeals in New York CIty or First CIrcuit Court of Appeals at John Joseph Moakley COurthouse in Boston, Massachusetts to issue a de novo standard of review and to reverse and remand the case not back to the lower courts in New England or New York state but to have the case removed to the Southern District of New York (SDNY) which has subject matter jurisdiction and original and exclusive jurisdiction despite the vexatious litigant order issued by Chief Judge Loretta Preska.

6.) Accordingly, The Southern District of New York (SDNY) is the branch of the FBI and U.S. Attorney's Office that racially profiles people as Arabic or Muslim.

7.) As such, the plaintiff has proven beyond a reasonable doubt that he is an African-American related to three historical African-Americans.

8.) To clarify, the plaintiff was informed about a Bivens action lawsuit by Magistrate Judge Gary Jones of Northern Florida in litigation against Director of National INtelligence (DNI) Avril Haines.

## II.) PARTIES TO THIS LITIGATION

9.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida. His current mailing address is 6655 38th Lane East, Sarasota, FL 34243. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com. The plaintiff is filing this cause of action in the U.S. District Courts of Connecticut because the Russell Trust Association or "The Order of Skull and Bones" has a charter at Yale University.

10.)The defendant is the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) at Rockefeller Plaza in Times Square in New York City. The plaintiff argues that this office is connected to U.S. attorney's office in Southern District of New York (SDNY).

## III.) JURISDICTION AND VENUE

11.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

12.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's

3

```
                         *************************
                  ***    ERROR TX REPORT    ***
                         *************************


         INCOMPLETE TRANSMISSION

         TX/RX NO.            4715
         DESTINATION NUMBER           12026160271
         DESTINATION ID
         ST. TIME             01/05 04:24
         COMMUNICATION TIME   03'23
         PAGES SENT            6
         RESULT               NG
```

jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

13.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Connecticut (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the sole defendant.

14.) As an Article III court, the U.S. District Court for the District of Connecticut also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

15.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

16.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

17.) Because the amount in controversy exceeds $75,000 (i.e. $80,000 is greater than $75.000), this court also has jurisdiction with regards to that particular issue.

## IV.) STATEMENT OF FACTS

18.) Back in the year 1999, the plaintiff and his friend Damon Ford of Silver Spring, Maryland (Paint Branch) traveled to Santiago de Cuba to visit Rachel Barreiro Garcia of Las Tunas, Cuba )medical student) and Marena Linares.

19.) Back in the year 2009, the plaintiff tried to obtain a license to travel to Cuba to visit the political prisoner Magna Gargallo Perez of Holguin, Cuba by communicating with Senator Barbara Mikulski (D- Maryland), Office of Foreign Assets Control (OFAC), and the Cuban Interests Section at the Swiss Embassy in Washington, D.C..

20.) Back in the year 2020, the plaintiff communicated with somebody named SOLANS from Las Tunas, Cuba who is mentioned by Senior Judge Virginia

4

```
***************************
***   ACTIVITY REPORT   ***
***************************
```

| ST. TIME | DESTINATION NUMBER | DESTINATION ID | NO. | MODE | | PGS. | RESULT | |
|---|---|---|---|---|---|---|---|---|
| 01/05 04:24 | 12026160271 | | 4715 | TRANSMIT | ECM | 7 | NG | 03'23 |
| | | | | | | 7 | | |
| 01/05 04:28 | 12126216595 | | 4716 | TRANSMIT | ECM | 9 | OK | 03'02 |
| 01/05 04:32 | 16157425020 | | 4717 | TRANSMIT | ECM | 9 | OK | 01'41 |
| 01/05 04:34 | 12126216595 | | 4718 | TRANSMIT | ECM | 9 | OK | 03'36 |
| 01/05 04:45 | 16157425020 | | 4719 | TRANSMIT | ECM | 9 | OK | 01'55 |
| 01/05 04:48 | 12126216595 | | 4720 | TRANSMIT | ECM | 7 | OK | 03'58 |
| 01/05 04:53 | 16157425020 | | 4721 | TRANSMIT | ECM | 7 | OK | 01'42 |
| 01/05 04:55 | 16179129101 | | 4722 | TRANSMIT | | 0 | NG | 00'00 |
| | | | | | | 0 | #001 | |
| 01/05 04:58 | 14153985039 | | 4724 | TRANSMIT | G3 | 10 | OK | 05'51 |
| 01/05 05:05 | 12023330817 | | 4723 | TRANSMIT | | 0 | NG | 00'00 |
| | | | | | | 0 | #018 | |
| 01/05 05:06 | 14153985039 | | 4725 | TRANSMIT | G3 | 7 | OK | 03'26 |
| 01/05 05:10 | 19543567336 | | 4726 | TRANSMIT | ECM | 9 | OK | 03'38 |
| 01/05 05:14 | 15618208777 | | 4727 | TRANSMIT | ECM | 9 | OK | 04'31 |
| 01/05 05:20 | 17724661020 | | 4728 | TRANSMIT | ECM | 9 | OK | 03'35 |
| 01/05 05:24 | 17274428470 | | 4729 | TRANSMIT | ECM | 9 | OK | 02'57 |
| 01/05 05:28 | 13052845706 | | 4730 | TRANSMIT | ECM | 9 | OK | 04'53 |
| 01/05 05:33 | 12126216595 | | 4731 | TRANSMIT | ECM | 9 | OK | 03'33 |
| 01/05 05:37 | 16157425020 | | 4732 | TRANSMIT | ECM | 9 | OK | 01'56 |
| 01/05 05:40 | 12126216595 | | 4733 | TRANSMIT | ECM | 7 | OK | 03'08 |
| 01/05 05:44 | 16157425020 | | 4734 | TRANSMIT | ECM | 7 | OK | 01'45 |
| 01/05 05:46 | 12126216595 | | 4735 | TRANSMIT | ECM | 9 | OK | 03'24 |
| 01/05 05:50 | 12126216595 | | 4736 | TRANSMIT | ECM | 10 | OK | 03'58 |

Hernandez-Covington and who the plaintiff communicated with first on a website d/b/a Muslima dot com licensed according to the International Marriage Broker Regulation Act (IMBRA).

21.) Therefore, at three separate times within the last 25 years, the plaintiff either tried to get a license to travel to Cuba from OFAC/Treasury Department or tried to obtain a "letter of invitation" or "carta de invitacion" for Magna Gargalloe Perez in 2009 (political prisoner) and SOLANS from Las Tunas, Cuba in 2020 (IMBRA).

22.) However, now the plaintiff has a fiance from Kharkiv, Ukraine named Maria Cherniavska and so therefore the plaintiff is no longer interested in obtaining a license to travel to Cuba or obtaining a "letter of invitation" for a political prisoner such as Magna Gargallo Perez of Holguin, Cuba.

23.) With regards to collateral estoppel and similar litigation involving obtaining a fiance visa for Maria Cherniavska, the plaintiff in 2022 had several lawsuit in six separate jurisdictions (Iowa, Maryland, Virginia, West VIrginia, Washington, D.C., NOrthern Florida) which involved three Cabinet-level agencies (Justice Department, State Department, Homeland Security Department).

24.) The plaintiff argues that neither the FBI nor the CIA can apply for and/or obtain a FISA warrant for the thousands and perhaps millions of AMericans who have to contact foreign embassies or who have contacted foreign nationals such as Carter PAge who contacted Russians and the U.S. attorney John Durham disciplined the FBI attorney Kevin Clinesmith.

25.) In addition, the plaintiff argues the obvious logic and rationale in that there is a huge difference between contacting a foreign embassy or consulate of another country (such as the Cuban Embassy off of 2630 16th STreet in Washington, D.C.) and contacting a foreign intelligence service such as the Cuban Intelligence Service (contacted by Ana Belen Montes of the Defense Intelligence Agency), MOSSAD, MI6, FSB, GRU, etc..

26.) While Americans are encouraged to contact foreign consulates and/or embassies for immigration-related matters and political asylum, Americans do not

5

have any business or purpose contacting foreign intelligence services such as
MOSSAD, MI6, Cuban Intelligence Service, FSB, GRU, etc..

27.) The reason why the plaintiff believes that he has to clarify that there is a
difference between contacting foreign embassies and consulates and foreign
intelligence services is because the plaintiff believes that Central Intelligence
Agency (CIA) is under the bizarre delusion that the CIA controls the American
State Department which is an inaccurate concept.

28.) Nevertheless, Judge Susan Paradise Baxter has already mentioned in her final
decision that neither Rachel BArreiro Garcia (now living in Spain) nor Magna
Gargallo Perez are intelligence assets and are merely regular citizens who have
endured the hardships of Communist dictatorship of Cuba since the reign of
Fulgencio Batista.

29.) As such, the plaintiff argues that the Counterintelligence Division of FBI field
office at Rockefeller PLaza in SOuthern New York (SDNY) does not have any
reasonable suspicion or probable cause to be conducting surveillance on the
thousands of Americans who have to contact Cuban Embassy in Washington, D.C.
at 2630 16th Street in Washington, D.C. because there is a huge difference between
contacting the Cuban Embassy at 2630 16th Street in Washington, D.C. and
making an attempt to contact Cuban INtelligence Service which was what occurred
with Ana Belen Montes of the Defense INtelligence Agency (DIA).

30.) The Plaintiff argues that the Counterintelligence Division of the FBI field
office at Rockefeller PLaza in Southern New York (SDNY) should have learned
from the Carter Page investigation that it is not acceptable for FBI lawyer Kevin
Clinesmith to harass Carter Page with a falsified FISA warrant (discovered by U.S.
attorney John Durham of Connecticut) simply because Carter Page was an
advocate on behalf of President Donald J. Trump (thereby violating the Hatch Act
of 1939) and because Carter Page had contacts in Russia. In other words, U.S.
attorney John Durham recognized that Carter Page is not a Russian spy for the FSB
or GRU and that he was being harassed by Kevin Clinesmith.

## V.) COUNT ONE: VIOLATION OF FREEDOM OF ASSOCIATION

31.) The plaintiff argues that the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) at Rockefeller Plaza has committed the violation of freedom of association inherent from the FIrst Amendment by failing to recognize that Americans have the freedom to get married to Cuban nationals and to contact the Cuban Embassy at 2630 16th Street, NW Washington, D.C. 20009

32.) Accordingly, American citizens have to contact the Cuban Embassy at 2630 16th Street in NW Washington, D.C. for immigration-related issues such as obtaining a "carta de invitacion" or letter of invitation for Cuban nationals supposedly interested in getting married to American citizens such as the plaintiff who is an American citizen according to the principles of both jus soli (born on American soil) and jus sanguinis (American citizen through genealogy/lineage).

## VI.) COUNT TWO: VIOLATION OF RIGHT TO PRIVACY INHERENT FROM THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION

33.)The plaintiff argues that the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) at Rockefeller Plaza has committed the violation of right to privacy inherent from the Fourth Amendment by failing to recognize that Americans have the freedom to get married to Cuban nationals and to contact the Cuban Embassy at 2630 16th Street, NW Washington, D.C. 20009

34.) Accordingly, Americans have to contact the Cuban Embassy at 2630 16th Street in NW Washington, D.C. for immigration-related issues such as obtaining a "carta de invitacion" or letter of invitation for Cuban nationals supposedly interested in getting married to American citizens such as the plaintiff who is an American citizen according to the principles of both jus soli (born on American soil) and jus sanguinis (American citizen through genealogy/lineage).

## VII.) COUNT THREE: VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS INHERENT FROM THE FIFTH

## AND FOURTEENTH AMENDMENTS INVOLVING IMPLIED FUNDAMENTAL RIGHTS

35.) The plaintiff argues that the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) at Rockefeller Plaza has committed the violation of substantive and procedural due process rights inherent from the Fifth and Fourteenth Amendments by failing to recognize that Americans have the freedom to get married to Cuban nationals and to contact the Cuban Embassy at 2630 16th Street, NW Washington, D.C. 20009

36.) Accordingly, Americans have to contact the Cuban Embassy at 2630 16th Street in NW Washington D.C. for immigration-related issues such as obtaining a "carta de invitacion" or letter of invitation for Cuban nationals supposedly interested in getting married to American citizens such as the plaintiff who is an American citizen according to the principles of both jus soli (born on American soil) and jus sanguinis (American citizen through genealogy/lineage).

## VIII.) COUNT FOUR: VIOLATION OF EQUAL PROTECTION CLAUSE

37.) The plaintiff argues that the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) at Rockefeller Plaza has committed the violation of Equal Protection Clause from the Fifth and Fourteenth Amendments by failing to recognize that Americans have the freedom to get married to Cuban nationals and to contact the Cuban Embassy at 2630 16th Street, NW Washington, D.C. 20009

38.) Accordingly, Americans have to contact the Cuban Embassy at 2630 16th Street in NW WAshington, D.C. for immigration-related issues such as obtaining a "carta de invitacion" or letter of invitation for Cuban nationals supposedly interested in getting married to American citizens such as the plaintiff who is an American citizen according to the principles of both jus soli (born on American soil) and jus sanguinis (American citizen through genealogy/lineage).

8

## IX.) COUNT FIVE: VIOLATION OF THE PRIVILEGES AND IMMUNITIES CLAUSE OF ARTICLE IV, SECTION 9, CLAUSE 1 (I.E. COMITY CLAUSE)

39.) The plaintiff argues that the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) at Rockefeller Plaza has committed the violation of Privileges and Immunities Clause of Article IV, Section 2, Clause 1 by failing to recognize that Americans have the freedom to get married to Cuban nationals and to contact the Cuban Embassy at 2630 16th Street, NW Washington, D.C. 20009

40.) Accordingly, Americans have to contact the Cuban Embassy at 2630 16th Street in NW Washington, D.C. for immigration-related issues such as obtaining a "carta de invitacion" or letter of invitation for Cuban nationals supposedly interested in getting married to American citizens such as the plaintiff who is an American citizen according to the principles of both jus soli (born on American soil) and jus sanguinis (American citizen through genealogy/lineage).

## X.) COUNT SIX: VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964

41.) The plaintiff argues that the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) at Rockefeller Plaza has committed the violation of Title VII of Civil Rights Act of 1964 by failing to recognize that Americans have the freedom to get married to Cuban nationals and to contact the Cuban Embassy at 2630 16th Street, NW Washington, D.C. 20009

42.) Accordingly, Americans have to contact the Cuban Embassy at 2630 16th Street, NW Washington D.C. for immigration-related issues such as obtaining a "carta de invitacion" or letter of invitation for Cuban nationals supposedly interested in getting married to American citizens such as the plaintiff who is an American citizen according to the principles of both jus soli (born on American soil) and jus sanguinis (American citizen through genealogy/lineage).

9

## XIV.) PRAYER FOR RELIEF

WHEREFORE, it is absolutely essential that the plaintiff communicate to the court in the present case at bar that he is first and foremost seeking an injunction as an equitable remedy that the Special Agent in Charge of SDNY be required to recognize that American citizens have the freedom of association, right to privacy, due process rights, and Equal Protection rights to get married to foreign nations including political prisoners or doctors from Cuba in which American citizens must contact the Cuban Embassy at 2630 16th Street in Washington, D.C. for a plethora of immigration-related issues including but not limited to obtaining political asylum based off of a "well-founded fear of persecution" (citing the stare decisis of *Miller v. Albright*) or perhaps obtaining a fiance visa or "carta de invitacion." Nevertheless, this remedy at law would be appropriate considering the fact that the sole defendant (Special Agent in Charge of SDNY at Rockefeller Plaza) has committed the wrongful institution of legal proceedings/malicious prosecution, gross negligence, the intentional infliction of emotional distress (IIED), and invasion of privacy through "intrusion upon seclusion" and "false light." Moreover, the sole defendant (Special Agent in Charge of SDNY) has committed a violation of the following "black-letter law" provisions of federal law: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 (ADA). Furthermore, the sole defendant

(Special Agent in Charge of SDNY) has violated the Equal Protection Clause and Due Process Clause of the Fifth and Fourteenth Amendments to the U.S Constitution in addition to having violated the Privileges and Immunities Clause of Article IV, Section 2, Clause 1 of the U.S. Constitution, the Fourth Amendment rights to a "reasonable expectation of privacy" (see ***Katz v. United States***, supra) and perhaps invoking a broad assertion and interpretation of the Eighth Amendment right to be free from cruel and unusual punishment.  In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) The remedy at law in the form of a judgment in the amount of $80,000 (eighty thousand dollars) would also be appropriately considered to be punitive, compensatory, treble, actual, presumed, and special damages for the defendants' commission of the wrongful institution of legal proceedings/malicious prosecution, negligence (or negligence per se) in addition to a violation of the following "black-letter law" provisions of federal law: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 (ADA).

B.) The remedy at law in the form of a judgment in the amount of $80,000 would also be considered appropriate given that it has been proved that the sole defendant (Special Agent in Charge of SDNY) has violated the plaintiff's rights with regards to the Equal Protection Clause and Due Process Clause (inherent from the Fifth and Fourteenth Amendments) and the Privileges and Immunities Clause (of Article

IV, Section 2, Clause 1) in addition to the Fourth Amendment right to a reasonable

expectation of privacy and perhaps the Eighth Amendment right to be free from

cruel and unusual punishment.

C.) The plaintiff is also requesting the equitable remedy of an injunction or specific

performance requiring that the Special Agent in Charge of SDNY recognize the

plaintiff has the implied fundamental right to get married to a political prisoner

from Cuba and to contact the Cuban Embassy at 2630 16th Street in NW

Washington, D.C. or in recent times, the plaintiff has the implied fundamental right

to get married to a woman from Kharkiv, Ukraine and to contact the Cuban

Embassy and/or consulate in the United States.. Needless to say, there is a huge

difference between contacting the foreign embassy of another country (Cuban

Embassy at 2630 16th Street in Washington, D.C.) as opposed to contacting a

foreign intelligence service such as MOSSAD, MI6, Cuban Intelligence Service,

FSB, GRU, etc.. American citizens with juris doctorate degrees and/or a

background in law school have to point out these obvious distinctions.

D.) To reiterate, the arguments centered around the defendant Special Agent in

Charge of SDNY also involve the doctrine of respondeat superior and/or

vicariously liable in which the defendant is under the jurisdiction of FBI director

Christopher Wray in Washington, D.C. against whom the plaintiff filed a lawsuit in

2021 at the E. Barrett Prettyman Courthouse in Washington, D.C. presided over by

UNITED STATES OF AMERICA - Committee overview

# Total spent

Browse disbursements

Coverage dates: None to 04/04/2015

| | |
|---|---|
| **TOTAL DISBURSEMENTS** | **$0.00** |
| **OPERATING EXPENDITURES** | **$0.00** |
| **TRANSFERS TO OTHER AUTHORIZED COMMITTEES** | **$0.00** |
| **FUNDRAISING** | **$0.00** |
| **EXEMPT LEGAL AND ACCOUNTING** | **$0.00** |
| **TOTAL LOAN REPAYMENTS MADE** | **$0.00** |
| Candidate loan repayments | $0.00 |
| Other loan repayments | $0.00 |
| **TOTAL CONTRIBUTION REFUNDS** | **$0.00** |
| Individual refunds | $0.00 |
| Political party refunds | $0.00 |

Judge Emmett Sullivan who invoked a discussion of ***Lovitky v. Trump*** involving

subject matter jurisdiction.


Respectfully submitted,


Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

13